FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

JUN 2 7 2006

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR435 |
| Plaintiff, | ) | |
| v. | ) | **ORDER DIRECTING GOVERNMENT TO MAKE EVIDENCE AVAILABLE TO THE DEFENDANT FOR SCIENTIFIC TESTING** |
| JAMES A. MINOR, | ) | |
| Defendant. | ) | |

Now on this _27_ day of June, 2006, this matter comes before the Court upon the Defendant's oral motion for an order directing the United States Attorney to make available to the Defendant such evidence as is necessary for the defense to conduct its own scientific testing. Being fully advised in the premises, and with the consent of both parties, the Court makes the following findings:

1.    The prosecuting authorities' evidence in this matter includes the scientific analysis of an alleged quantity of crack cocaine.

2.    Said evidence may be of material importance in determining proper application of the United States Sentencing Guidelines.

3.    The defense has retained Rocky Mountain Instrumental Laboratories, Inc., 108 Coronado Court, Fort Collins, Colorado 80525 to conduct its analysis.

4.    The evidentiary items in question involve the following:

a.    One rock of alleged crack cocaine, booked into the Omaha Police department property\evidence unit by Officer C. Wylie as item No. 1 under RB No. 65406F.

      b.    It is necessary to deliver the above item to Rocky Mountain Instrumental Laboratories to allow the defense to conduct its own independent scientific testing.

5.    The period of delay from the date of the defendant's oral motion on June 26, 2006 until the date the evidentiary items are received back by the Omaha Police department property\evidence unit should be excluded in computing the time within which the trial must commence.   The ends of justice served by granting this order and thereby delaying trial outweigh the best interest of the public and the defendant in a speedy trial.  Specifically, the court finds that denying the defendant's motion would deny the defendant the necessary resources and attendant time necessary for effective preparation of his case, taking into consideration the exercise of due diligence.

**IT IS THEREFORE ORDERED** that: the United States Attorney and the Omaha Police department shall make available to the Rocky Mountain Instrumental Laboratories, Inc., the item listed in paragraph 4 above.

    1.    The items shall be shipped to Dr. Robert Lantz, Rocky Mountain Instrumental Laboratories, Inc., 108 Coronado Court, Fort Collins, Colorado 80525.  The items shall be shipped with the appropriate chain of custody documentation.

    2.    The items shall be shipped as soon as practicable and shall be shipped in such fashion as to minimize any degradation to the item. The Federal Public Defender's office shall pay the cost of shipping.

3.   After completing their analysis, Rocky Mountain Instrumental Laboratories shall ship the item back to the Omaha Police Department Evidence\Property Unit, Attn: Connie Adams, 505 South 15th Street, Omaha, Nebraska 68102.

4.   Rocky Mountain Instrumental Laboratories shall ship the items in such fashion as to allow the Omaha Police Evidence\Property Unit to determine that the chain of custody has been maintained.

5.   Rocky Mountain Instrumental Laboratories, Inc. shall release their results to defense counsel and only to defense counsel.  Defense counsel is Assistant Federal Public Defender Michael Maloney, 222 South 15th Street, Suite 300N, Omaha, NE 68102, phone: (402) 221-7896, fax: (402) 221-7884.

6   Pursuant to Rule 16(b)(B)(ii) the Defendant shall provide the United States Attorney with the results of any scientific tests he intends to use in his case in chief at trial or sentencing hearing, or if he intends on calling the expert who prepared the report and the report relates to that witness's testimony.

7.   A copy of this order shall accompany the evidence shipped to Rocky Mountain Instrumental Laboratories, Inc.

8.   Pursuant to 18 U.S.C. §3161 the period of delay from the date of the defendant's oral motion on June 26, 2006 until the date the evidentiary items are received back by the Omaha Police department

property\evidence unit shall be excluded in computing the time within

which the trial must commence.

DATED this _27_ day of June, 2006.

BY THE COURT:

By _____

United States Chief Judge
Joseph F. Bataillon

PREPARED AND SUBMITTED BY:

Michael F. Maloney
ASSISTANT FEDERAL PUBLIC DEFENDER
222 South 15th Street, #300N
Omaha, NE 68102
Telephone: (402) 221-7896
Fax: (402) 221-7884
E-Mail: mike_maloney@fd.org

APPROVED WITHOUT OBJECTION:

_____

Robert C. Sigler
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102
Telephone: (402) 661-3700
Fax: (402) 661-3080