IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:05CR435 |
| ) | |
| v. ) | |
| ) | |
| JAMES A MINOR, ) | MEMORANDUM AND ORDER |
| ) | |
| Defendant. ) | |

Before the court are defendant James A. Minor's "Writ of Habeas Corpus and Writ of Coram Nobis with Supporting Affidavit" (Filing No. 38)[1]; "Motions for Leave to Proceed in Forma Pauperis" (Filing Nos. 40, 44 and 54); "Motion to Withdraw, Cancel, Destroy and Terminate" (Filing No. 41); "Motion to Withdraw, Cancel, Quash, Destroy and Terminate" (dismiss the habeas corpus claim) (Filing No. 43); "Motion for Coram Nobis with Supporting Affidavit" (Filing No. 46), "Motion for Issuance of Supboena's [sic]" (Filing No. 48); "Motion to Compel Plaintiffs to Release Defendant from Custody" (Filing No. 50), and "Motion for Summary Judgment (Declaratory Judgment) to Dismiss the Case with Supporting Affidavit" (Filing No. 52). Additionally before the court is the "Motion to Withdraw" filed by Michael F. Maloney (Filing No. 55).

The defendant, James A. Minor, was convicted of possession with intent to distribute cocaine base (i.e., crack cocaine) in violation of 21 U.S.C. § 841(a)(1) following the entry of a guilty plea. On November 7, 2006, he was sentenced to a term of

---

[1] The court notes that the defendant does not mention 28 U.S.C. § 2255 in the title of his document. However, it is clear from his use of "habeas corpus" and the numerous times he mentions 28 U.S.C. § 2255 in Filing No. 38 that he intends that this motion be his section 2255 filing. The court will thus construe this as his motion to vacate under 28 U.S.C. § 2255 as hereinafter set forth.

imprisonment of 66 months.  Filing No. 35.  Minor did not file an appeal of the conviction or the sentence.

On February 26, 2008, the defendant filed the first of many motions in this matter. The initial motion, entitled "Writ of Habeas Corpus and Writ of Coram Nobis with Supporting Affidavit," requests that the court overturn, reverse or set aside his conviction and sentence.  In this motion, the defendant claims that at the time of judgment he did not know about an alleged defense – that he cannot be convicted of possession of crack cocaine if he has complied with the rules and regulations of the Nebraska Tax Stamp Act, Neb.Rev. Stat. §§ 77-4301 to 77-4316.  The defendant seeks subpoenas for records from the State of Nebraska that evidence his compliance with the Nebraska Tax Stamp Act. Additionally, the defendant states that at the time the police initiated his traffic stop that resulted in the seizure of the drugs, he was not committing a felony crime and, therefore, the search was legal.

After filing his initial motions, the defendant, assumably because he knew that his § 2255 was untimely, filed a motion requesting that the court "withdraw, cancel, quash, destroy and terminate," his § 2255 and only rule only the Coram Nobis, claiming that there is no restriction on this writ.

In addition to the § 2255 and corum nobis motions, the defendant has made at least three motions requesting in forma pauperis status.  *See* Filing Nos. 40, 44 and 54.  He also requested to have his deputy federal public defender continue as stand-by counsel and that the court bar his attorney from filing any motion for reduced sentence under Amendment 706 to the cocaine base (crack cocaine) sentencing guidelines.  The court will first address the defendant's motion for a writ of corum nobis.

2

**Coram Nobis**

A petition for writ of error coram nobis seeks relief under the All Writs Act, or 28 U.S.C. § 1651,[2] which authorizes federal courts to grant the common law writ of error coram nobis. *See Fleming v. United States,* 146 F.3d 88, 89 (2d Cir.1998) (citing *United States v. Morgan,* 346 U.S. 502 (1954)). "Coram nobis is essentially a remedy of last resort for petitioners who are *no longer in custody* pursuant to a criminal conviction and, therefore, cannot pursue direct review of collateral relief by means of a writ of habeas corpus." *Id.* at 89-90 (emphasis added).

Minor is in federal custody, and the Eighth Circuit precludes coram nobis relief to a federal prisoner. *United States v. Noske,* 235 F.3d 405, 406 (8th Cir. 2000); *United States v. Kindle,* 88 F.3d 535, 536 (8th Cir. 1996); *Zabel v. United States Attorney,* 829 F.2d 15, 17 (8th Cir. 1987). Additionally, "the All Writs Act is a residual source of authority to issue writs that are not otherwise coved by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States,* 517 U.S. 416, 429 (1996). In this case, the relief that Minor seeks is available under 28 U.S.C. § 2255.[3]

---

[2] The All Writs Act provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651(2006).

[3] The federal habeas corpus statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

Even if § 2255 was not controlling, Minor has not shown that an error "of the most fundamental character" applies and, therefore, he does not appear to meet the requirements for issuance of coram nobis relief. *Noske*, 235 F.3d at 406. The court finds that the proper method for Minor to challenge his conviction is under § 2255. Because the writ of corum nobis is not applicable, the court will address Minor's § 2255 motion.

**28 U.S. C. § 2255**

The defendant filed a Motion to Vacate under 28 U.S.C. § 2255 on February 26, 2008. This filing was more than one year after the date of his conviction on November 8, 2006. Section 2255 permits a prisoner in custody under a sentence imposed by a federal court to move the sentencing court to vacate, set aside or correct the sentence if the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. However, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat.1214, added a one-year statute of limitations to 28 U.S.C. § 2255, effective April 24, 1996. The one-year period of limitations for a § 2255 motion begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2006).

4

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Thus, absent a later triggering date under subsections (2)-(4) above, the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. The defendant filed his § 2255 motion on February 26, 2008, clearly more than a year after the challenged judgment became final.

Even if Minor had been timely in filing his § 2255 motion, Minor's motion would fail because there is no relief available under the Nebraska Tax Stamp Act. The Tax Stamp Act levies an excise tax that targets the use or sale of controlled substances. *State v. Garza,* 242 Neb. 573, 585 (Neb. 1993). Nebraska Revised Statute Section 77-4309 provides that

> [a] dealer distributing or possessing marijuana or a controlled substance without affixing the official stamp, label, or other indicium shall be guilty of a Class IV felony. Notwithstanding any other provision of the criminal laws of this state, an indictment may be found and filed or an information or complaint filed upon any criminal offense specified in this section in the proper court within six years after the commission of such offense.

Neb. Rev. Stat. § 77-4309 (2007). The drug tax stamp requirement applies to any "dealer," defined by Nebraska Revised Statute Section 77-4301 as "a person who, in violation of Nebraska law, manufactures, produces, ships, transports, or imports into Nebraska or in any manner acquires or possesses six or more ounces of marijuana, seven or more grams of any controlled substance which is sold by weight, or ten or more dosage units of any

5

controlled substance which is not sold by weight[.]" Neb. Rev. Stat. § 77-4301 (2007). Section 77-4303 imposes a tax based on weight or dosage unit of marijuana or controlled substances, and section 77-4305 provides that the tax is due and payable immediately upon acquisition or possession of a controlled substance. Boll v. Dep't of Revenue, 528 N.W.2d 300, 302 (Neb. 1995). The Tax Commissioner assesses the appropriate tax and penalties on individuals who fail to pay the drug tax. Id.

The Tax Stamp Act is directed at the activities of individuals holding relatively large amounts of the substances who will engage in either the distribution or large-scale consumption of the substances. State v. Garza, 242 Neb. 573, 585 (Neb. 1993). The Legislature enacted the Tax Stamp Act to create additional penalties for the crime of failure to affix a drug tax stamp, thereby recognizing that the drug tax stamp requirement applies against a person who is also in violation of a separate criminal law. State v. Detweiler, 544 N.W.2d 83, 92 (Neb. 1996). "The Legislature intended that defendants would be subject to cumulative punishments for the separate offenses of possession with intent to deliver and failure to affix a drug tax stamp." Id. Compliance with the Tax Stamp Act is not a defense to crime to which the defendant was convicted—i.e., possession with intent to distribute cocaine base (i.e., crack cocaine) in violation of 21 U.S.C. § 841(a)(1)—but instead a separate crime which the defendant could have been charged, but was not.

Additionally, the defendant's contention that he cannot be subject to a search because he was not stopped for a felony is without merit. The defendant's motion for leave to proceed in forma pauperis is unnecessary, as there is no filing fee to initiate proceedings under 28 U.S.C. § 2255. Further, the court finds, based on this decision, that the defendant's "Motions to Proceed in Forma Pauperis" (Filing Nos. 40, 44 and 54) are denied.

6

Defendant requested that his court-appointed attorney not file any motions regarding a potential reduction in his sentence under amendment 706 to the sentencing guidelines stating that he thought it might interfere with his corum nobis motion. Based on this request, his attorney requested leave to withdraw. Because the court had denied the defendant's motions, the court will deny the request to withdraw subject to reassertion. The defendant will have 30 days from the date of this order to decide whether he would like to be represented regarding a possible sentence reduction under amendment 706.

IT IS ORDERED:

1. That the following motions by defendant James A. Minor are denied:

    a. Motion to Vacate under 28 U.S.C. § 2255 (Filing No. 38);

    b. "Motions for Leave to Proceed in Forma Pauperis" (Filing Nos. 40, 44 and 54);

    c. "Motion to Withdraw, Cancel, Destroy and Terminate" (Filing No. 41);

    d. "Motion to Withdraw, Cancel, Quash, Destroy and Terminate" (dismiss the habeas corpus claim) (Filing No. 43);

    e. "Motion for Coram Nobis" (Filing No. 46);

    f. "Motion for Issuance of Supboena's [sic]" (Filing No. 48);

    g. "Motion to Compel Plaintiffs to Release Defendant from Custody" (Filing No. 50); and

    h. "Motion for Summary Judgment to Dismiss Criminal Case" (Filing No. 52);

2. The Motion to Withdraw filed by Michael F. Maloney (Filing No. 55) is denied subject to reassertion;

3. The defendant has 30 days from the date of this order to notify the court whether he would like representation regarding a possible sentence reduction under amendment 706; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 10th day of September, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge